**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JORDAN HELMAN,**

    **Plaintiff,**

    **v.**                             **Case No. 2:15-cv-398
                                      Judge Michael H. Watson
                                      Magistrate Judge Elizabeth P. Deavers**

**ANTHONY PRAY,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before this Court for consideration of the Plaintiff's Motion for Default Judgment against Defendant PNCJ, Inc, DBA BBR and/or Peerless Culinary and Nightlife Management Group ("PNCJ") (ECF No. 13) and PNCJ's Motions to Set Aside Entry of Default (ECF No. 15) and for Leave to File Answer *Instanter* (ECF No. 14).  For the reasons that follow, Plaintiff's Motion for Default Judgment (ECF No. 13) is **DENIED**, PNCJ's Motions (ECF Nos. 14 and 15) are **GRANTED**, and the Clerk is **DIRECTED** to **VACATE** the Entry of Default (ECF No. 12) and **FILE** PNCJ's Answer, attached to its Motion for Leave (PAGEID Nos. 56–62).

**I.**

On January 28, 2015, Plaintiff filed a Complaint against PNCJ, among other Defendants. (ECF No. 1.)  PNCJ concedes that Plaintiff effected service of process on April 22, 2015, via service on the company's general manager, Mark Salyers.

According to the affidavit of Nick Iliev, PNCJ's president and shareholder, Mr. Salyers did not immediately pass along the Complaint and Summons such that he did not receive a copy of the Complaint and Summons until around June 12, 2015.  (Iliev Aff. ¶¶ 16–17.)  He adds that "[i]t is unclear how the Complaint and Summons were misplaced."  (*Id*. at ¶ 18.)  Mr. Iliev further

represents that he had no knowledge of any alleged incident or of this action until he received the Complaint and Summons. He indicates that upon receipt of the Complaint and Summons, he immediately contacted an attorney. (*Id*. at ¶¶ 18–20.) Mr. Iliev represents that PNCJ's counsel then notified Plaintiff's counsel of the circumstances and that he promptly notified his agent. (*Id*. at ¶¶ 21–22.) Mr. Iliev states that if he had previously been aware of the litigation, he would have obtained counsel, proceeded with notification of his agent, completed a waiver of service, and timely filed an answer. (*Id*. at ¶ 23.)

Plaintiff applied for an Entry of Default against PNCJ on June 10, 2015. (ECF No. 10.) The Clerk entered default on June 11, 2015, and Plaintiff moved for default judgment on June 12, 2015. (ECF Nos. 12, 13.)

PNCJ filed the subject Motions on July 6, 2015. (ECF Nos. 14 and 15.) PNCJ asks the Court to set aside the Entry of Default and permit it to file an Answer so that it may defend against Plaintiff's claims. PNCJ asserts that Plaintiff will not suffer prejudice should the Court grant the relief it requests because Plaintiff's claims against PNCJ are derivative of the claims against Defendant Officer Anthony Pray. PNCJ further asserts that it has meritorious defenses to Plaintiff's claims given that the alleged incident occurred outside its business and that Plaintiff has failed to allege that any of its employees were involved in or aware of the incident.

Plaintiff opposes PNCJ's Motions. Plaintiff does not dispute that his claims are predicated on a theory of vicarious liability and premised upon the actions of Defendant Pray. Plaintiff maintains, however, that PNCJ has failed to demonstrate that it has not acted with reckless disregard of these proceedings in failing to timely respond to the Complaint. Plaintiff characterizes Mr. Iliev's affidavit as "self-serving and overly vague." (Pl.'s Opp. 3, ECF No. 17.)

2

Plaintiff highlights the absence of an affidavit from Mr. Salyers explaining the basis for the delay in alerting Mr. Iliev that PNCJ had been served. Plaintiff requests that PNCJ's Motions be denied and that the Court enter default judgment in his favor.

## II.

Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has sufficiently established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice the plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir.1983)).

Although Rule 55(c) vests trial courts with discretion, this Court recognizes that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id*. at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (noting that in conducting reviews of denials of motions to set aside entries of default, the Sixth Circuit construes "'all ambiguous or disputed facts in the light most favorable to the defendant,' resolving any doubts in [its] favor" given its "general preference for judgments on the merits").

### III.

Applying the foregoing considerations, the Court finds that good cause exists to set aside the Entry of Default. Significantly, Plaintiff does not allege that he has been or will be prejudiced should the Court vacate the Entry of Default. Moreover, Plaintiff has not challenged the viability of the potential defenses PNCJ has identified in its Motion. *See United Coin Meter Co.*, 705 F.2d at 845 ("[I]f any defense relied upon states a defense good at law, then a meritorious defense has been advanced."). These factors, therefore, weigh in favor of vacating the Entry of Default.

Consideration of the remaining factor—whether the default was willful—does not persuade the Court that a different outcome is warranted, especially in view of the well-settled policy in favor of deciding cases on their merits. Within the context of considering whether to vacate an entry of default, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Plaintiff correctly points out that PNCJ has failed to offer any explanation for how Mr. Salyers misplaced the Complaint and Summons. But significantly, "is not necessary that conduct be excusable to qualify for relief under the 'good cause' standard of Rule 55(c)." *Id*. Here, Mr. Iliev's affidavit reflects that upon learning of the action, he immediately obtained an attorney and notified his agent. *See id*. (vacating an entry of default where the defendant's "delay was not lengthy and there was no pattern of disregard for court orders or rules"). The Court therefore finds that this factor likewise weighs in favor of vacating the entry of default.

In sum, consideration of the three factors within the context of this action persuades the Court that good cause as contemplated under Rule 55(c) exists to set aside the Entry of Default.

4

IV.

For the reasons set forth above, Plaintiff's Motion for Default Judgment (ECF No. 13) is **DENIED**, PNCJ's Motions (ECF Nos. 14 and 15) are **GRANTED**, and the Clerk is **DIRECTED** to **VACATE** the Entry of Default (ECF No. 12) and **FILE** PNCJ's Answer, attached to its Motion for Leave at PAGEID Nos. 56–62.

**IT IS SO ORDERED.**

Date: October 1, 2015       /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**